# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PAUL A. LEWIS,                          )
                                        )
    Plaintiff,                         )
                                        )
v.                                      )          1:17CV217
                                        )
DURHAM WELLNESS AND                     )
FITNESS, INC., d/b/a MILLENNIUM         )
SPORTS CLUB, PATRIK CONTEH              )
and ROBERT J. NAUSEEF,                  )
                                        )
    Defendants.                        )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Paul A. Lewis' Motion for Entry of Default and for Default Judgment (Docket Entry 31) pursuant to Rule 55 of the Federal Rules of Civil Procedure, and Defendant Robert J. Nauseef's Motion to Dismiss (Docket Entry 19) pursuant to Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure. The matters are ripe for disposition. For the reasons stated herein, it is recommended that Defendant's Motion to Dismiss be granted and Plaintiff's Motion for Entry of Default and for Default Judgment be denied.[1]

## I.    PROCEDURAL BACKGROUND

On March 14, 2017, Plaintiff filed a Complaint against Durham Wellness and Fitness, Inc., d/b/a/ Millennium Sports Club ("Millennium"), its owner and manager Patrik Conteh,

---

[1] Plaintiff submitted additional authority in regards to his Motion for Entry of Default and for Default Judgment. (Docket Entry 34.) Having been docketed as a motion, the Court will also recommend that this motion be denied.

1

and attorney and club member Robert J. Nauseef, along with an application to proceed *in forma pauperis* ("IFP"). (*See* Complaint, Docket Entry 1; IFP Application, Docket Entry 2.) The Court granted Plaintiff's IFP application (Docket Entry 4) and shortly thereafter, summonses were issued as to all Defendants (Docket Entry 6). An Affidavit of Service as to Defendant Nauseef was filed with the Court on April 10, 2017. (Docket Entry 8.) On April 24, 2017, Defendant Nauseef sought an extension of time to respond to the Complaint (Docket Entry 11) which the Court granted (*see* Text Order dated 04/27/2017).

On May 5, 2017, Plaintiff filed an Amended Complaint against all Defendants. (Am. Compl., Docket Entry 17.) Defendant Nauseef then filed a Motion to Dismiss, and submitted a corrected brief in support of his motion on May 20, 2017. (*See* Docket Entries 19, 21.) On June 12, 2017, Plaintiff filed both a response in opposition to Defendant Nauseef's Motion to Dismiss (Docket Entry 30), and a Motion for Entry of Default and for Default Judgment against Defendant Nauseef. (Docket Entry 31.) Defendant Nauseef filed a response in opposition to Plaintiff's motion on June 15, 2017. (Docket Entry 32.) The undersigned then held a telephone conference with all counsel on record on June 22, 2017, at which time Plaintiff's counsel indicated that she would submit to the Court additional case law supporting Plaintiff's position on the Motion for Entry of Default and for Default Judgment, or alternatively voluntarily withdraw the pending motion. (*See* Text Order dated 06/22/2017.) Plaintiff then filed a supplemental motion (Docket Entry 34), along with an amended response in opposition to Defendant Nauseef's Motion to Dismiss. (Docket Entry 33.) Thereafter, Defendant Nauseef filed response and reply briefs on June 28, 2017. (Docket Entries 35, 36.)

## II. FACTUAL BACKGROUND

According to the Complaint, Plaintiff's claims arise from the termination of his membership at Millennium, allegedly in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (Am. Compl. ¶ 1, Docket Entry 17 at 1.) Plaintiff contends that he was a member of Millennium for more than twenty years. (*Id.* ¶ 19.) Due to his disabilities, Plaintiff would arrive to group fitness classes late and head to a spot in the front of the class. (*Id.* ¶¶ 24-25.) Plaintiff stood in the same positon because it was always available and because of his hearing issues. (*Id.* ¶ 26.) Defendant Conteh, owner and operator of Millennium, allegedly informed Plaintiff that he should go to the back of the class or not attend class if he was running late. (*Id.* ¶¶ 35, 37.) After failing to follow Defendant Conteh's instructions, Plaintiff's membership was terminated. (*Id.* ¶ 49.)

Prior to filing this Complaint, on September 30, 2016, Plaintiff filed a complaint against Defendants Conteh and Millennium with the Consumer Protection Division of the North Carolina Department of Justice ("the NCDOJ"). (*Id.* ¶ 65; *see also* Docket Entry 1-4.) Defendant Nauseef, acting as Millennium's legal counsel, wrote a letter in response to the NCDOJ's inquiry into the complaint against Millennium. (Am. Compl. ¶ 66; *see also* Docket Entry 1-5.) In this letter, Defendant Nauseef wrote that "[t]he manager of the facility had spoken to [Plaintiff] on at least nine (9) occasions about his harassment of female members in the Zumba classes, his interruption and disruption of many of the Zumba classes and his intimidation and language while on the premises." (Docket Entry 1-5.) He also stated Plaintiff's behavior resulted in Millennium losing membership and indicated that Plaintiff had

never communicated that he had a disability, nor would it have been a factor in the termination of his membership privileges. (*Id.*)

Plaintiff alleges that the statements made by Defendant Nauseef in this letter to the NCDOJ were slanderous and defamatory. (Am. Compl. ¶ 73.) Plaintiff seeks relief from Defendant Nauseef on three grounds: defamation, intentional infliction of emotional distress and negligent infliction of emotional distress. (*Id.* ¶¶ 90-108.) He also seeks punitive damages. (*Id.* ¶¶ 109-112.)

In addition, Plaintiff's Amended Complaint added a claim of obstruction of justice against Defendant Nauseef for allegedly using his connections with the Durham County Sheriff to deliberately evade service of process. (*Id.* ¶¶ 113-122.) Defendant Nauseef was not personally served, rather the summons and Complaint were hand delivered to an employee at his law office by a process server unknown to Defendant Nauseef. (Affidavit of Robert J. Nauseef ¶¶ 6, 8, Docket Entry 21 at 20.)

### III. DISCUSSION

A. <u>Plaintiff's Motions for Entry of Default and for Default Judgment</u>

Entry of default is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Additionally, pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend against the allegations in the complaint. Fed. R. Civ. P. 55(b)(2). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claim and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*,

4

616 F.3d 413, 417 (4th Cir. 2010). "A court must 'exercise sound judicial discretion in deciding whether to enter default judgment, and 'the moving party is not entitled to default judgment as a matter of right.'" *Reynolds Innovations, Inc. v. E-CigaretteDirect LLC*, 851 F.Supp. 2d 961, 962 (M.D.N.C. 2012) (citation omitted).

Here, Plaintiff has moved for an entry of default and for default judgment against Defendant Nauseef for failing to answer Plaintiff's Complaint within the twenty-one day period prescribed by Federal Rule of Civil Procedure 12(a)(1)(A)(i). (Docket Entry 31; *see also* Docket Entry 34.) Plaintiff argues that although Defendant Nauseef filed a motion to dismiss within the twenty-one day window, the failure to also file an answer to Plaintiff's allegations entitles him to a default judgment. (Docket Entry 31 at 1.)

Plaintiff's argument is unfounded and runs contrary to procedure prescribed in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a)(4). Under Rule 12(a)(4), if a party files a pre-answer motion, the party's answer is not due until fourteen days after notice of the court's denial of the motion, and the "timely filing of a motion to dismiss suspend[s] [the party's] obligation to file an answer." *Myrick v. U.S.*, 559 Fed. Appx. 245, 246 (4th Cir. 2014); *see also Castillo v. School Bd. of Broward County, Fla.*, 645 Fed. Appx. 966 (11th Cir. 2016). This Court had not ruled on Defendant Nauseef's pending and timely filed Motion to Dismiss, therefore no answer to Plaintiff's Amended Complaint is yet due. Thus, the Court should deny Plaintiff's Motions for Entry of Default and for Default Judgment. *Mills v. Locklear*, No. 5:12-CT-3007-FL, 2014 WL 4162391, at *3 (E.D.N.C. Aug. 20, 2014) (unpublished) ("Because defendant timely responded to plaintiff's complaint by filing a motion to dismiss, plaintiff's

5

motions for entry of default are [denied]."). The Court will now address Defendant Nauseef's Motion to Dismiss.

B. <u>Defendant Nauseef's Motion to Dismiss</u>

Defendant Nauseef argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedures 12(b)(2) and (5) for lack of personal jurisdiction based on an insufficient service of process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. V. Rudolp Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (internal quotations omitted). Plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4. *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (citation omitted). "In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963)). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Here, Defendant Nauseef argues that this Court lacks personal jurisdictional over him because Plaintiff failed to obtain effective service of process. (Docket Entry 21 at 5-7.) Federal Rule of Civil Procedure 4(e) provides that service upon an individual may be accomplished by either personally delivering a copy of the summons and the complaint to the

individual, "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or delivering them to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). The rule also provides that service of process may be accomplished pursuant to the laws of the state in which the district court resides. *Id.* "North Carolina's requirements for service of process are virtually identical for all practical purposes with the requirements of Rule 4." *Elkins*, 213 F.R.D. at 275.

Plaintiff argues that Defendant Nauseef received proper service when a copy of the summons and the complaint were hand delivered to an employee of his law firm by the process server on a day when Defendant Nauseef was not present at his office. (Docket Entry 30 at 3.) In making this argument, Plaintiff relies upon the holding in *Storey v. Hailey*, in which the North Carolina Court of Appeals found sufficient service of process when a copy of the complaint and summons were left with a partner at the law office where the defendant's attorney and appointed resident process agent worked. 114 N.C. App. 173, 180, 441 S.E.2d 602, 606 (1994). That court's reasoning centered on the fact that the registered agent was in a partnership with the attorney who actually received the documents, and pursuant to North Carolina Rule of Civil Procedure 4(j)(7)(a), service on a general or limited partnership can be can be accomplished by delivering a copy of the summons and complaint to any general partner. *Id.*, 441 S.E.2d at 606.

*Storey* is distinguishable from the case at hand because there is no evidence to suggest that the individual employee who took the summons and complaint from Plaintiff's process server was Defendant Nauseef's process agent or his law partner. (*See* Affidavit of Service,

7

Docket Entry 8 at 1.) The Affidavit of Service merely states that the process server delivered "Summons to Robert Nauseef at 121 E Parish Street, Durham, NC. 27701." (*Id.*) Under North Carolina law, to demonstrate sufficient proof of personal service when a defendant is not personally served with the complaint and summons, the process server must "state in such affidavit when, where and with whom such copy was left." N.C.G.S. § 1-75.10(b). "The filing of an affidavit of service that *complies* with the requirements set out in [N.C.G.S. § 1-75.10] creates a rebuttable presumption of valid service." *Kahihu v. Brunson*, 234 N.C. App. 142, 147, 758 S.E.2d 648, 652 (2014) (emphasis added).

Here, rather than state the name of the employee who took the complaint and summons and the time at which they were delivered, the Affidavit erroneously implies that personal service was effectuated personally and directly upon Defendant Nauseef. (Docket Entry 8 at 1.) As such, Plaintiff has failed to comply with the service of process requirements. Therefore, this Court lacks personal jurisdiction over Defendant Nauseef and the Amended Complaint should be dismissed against him. *See e.g., Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir. 1991); *Royal Lace Paper Works, Inc. v. Pest-Guard Prod., Inc.*, 240 F.2d 814, 816 (5th Cir. 1957) ("[I]t is settled law that, without personal service of process in accordance with a statute of the United States or the law of the state in which the suit is filed, the court [i]s without jurisdiction to render a personal judgment against [defendant].").

On alternative grounds, Defendant Nauseef argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] A motion to dismiss pursuant to Rule

---

[2] Neither Plaintiff's response nor his amended response to Defendant Nauseef's Motion to Dismiss address the 12(b)(6) grounds for dismissal set forth in Defendant's Motion to dismiss. (*See* Docket Entries 30, 33.) For the reasons set forth in *Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010

12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

In the instant matter, Defendant Nauseef's Motion to Dismiss should also be granted because Plaintiff's Amended Complaint fails to state any claims for which relief may be

---

WL 1667285, at *6–8 & nn.12, 13 (M.D.N.C. Apr. 23, 2010) (unpublished), Plaintiff's failure to address Defendant Nauseef's argument regarding Rule 12(b)(6) is tantamount to a concession that generally warrants relief pursuant to Local Rue 7.3(k). Nevertheless, the Court will address this argument on the merits.

granted. Plaintiff's first claim against Defendant Nauseef is for defamation under North Carolina law, which requires that a plaintiff "allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Boyce & Isley, PLLC v. Cooper*, 153 N.C.App. 25, 29, 568 S.E.2d 893, 897 (2002) (citation omitted). According to the Complaint, Defendant Nauseef made libelous statements about Plaintiff which were published to the NCDOJ. (Am. Compl. ¶¶ 91-92.) While the Court must treat the allegations of the Complaint as true when determining the sufficiency of the Complaint, such allegations must nevertheless entitle Plaintiff to relief under some legal theory. *See Lavender v. United Mine Workers of Am.*, 285 F.Supp. 869, 874 (S.D.W.Va. 1968) ("It is axiomatic that a complaint may be dismissed for failure to state a claim . . . [when] the disclosure of facts . . . necessarily defeat[s] the claim.").

The statements made by Defendant Nauseef in his letter were in response to an inquiry by the NCDOJ into the allegations made against his client, Millennium. (Docket Entry 1-5.) As such, the statements were made in the course of a judicial proceeding and therefore are "absolutely privileged and will not support a civil action for defamation, even if made with malice." *McManaway v. LDS Family Servs., Inc.*, 208 N.C. App. 569 (table), 2010 WL 5420148, at *9 (Dec. 21, 2010) (quoting *Jones v. Coward*, 193 N.C. App. 233, 666 S.E.2d 877, 879 (2008)). North Carolina courts have adopted a broad definition of "judicial proceedings," and have construed the term to cover quasi-judicial proceedings where public administrative offices "investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action." *Angel v. Ward*, 43 N.C. App. 288, 293, 258 S.E.2d 788, 792 (1979) (quoting *Black's Law Dictionary* 1411 (4th ed. rev. 1968)). The NCDOJ (Consumer

Protection Division) is precisely this type of entity, as it provides a forum to conduct investigations when complaints are lodged against North Carolina businesses.[3] Therefore, so long as Defendant Nauseef's statements made in his letter to the Division are "sufficiently related" to the source of the complaint, they are absolutely privileged. *See e.g., Harman v. Belk*, 165 N.C. App. 819, 825, 600 S.E.2d 43, 48 (2004); *Scott v. Statesville Plywood & Veneer Co.*, 240 N.C. 73, 76, 81 S.E.2d 146, 149 (1954). The Court concludes that the statements directly relate to the termination of Plaintiff's membership at Millennium, which was the precise reason Plaintiff filed his complaint with the Consumer Protection Division. (Am. Compl. ¶ 65; *see also* Docket Entry 1-4.) Because the allegations in the defamation claim fall within the scope of absolute immunity for statements made in judicial proceedings, the Court should grant the motion to dismiss with respect to this claim. *See e.g., Mazzucco v. North Carolina Bd. Of Medical Examiners*, 31 N.C. App. 47, 51, 228 S.E.2d 529, 532 (1976) (extending absolute privilege from defamation to communications with the Board of Medical Examiners in the performance of their quasi-judicial duties).

The Court should also dismiss Plaintiff's claims for intentional or negligent infliction of emotional distress and punitive damages against Defendant Nauseef. As these claims arise from the same conduct Plaintiff alleged in his defamation claim, allowing these claims to proceed would undermine the public policy grounds for allowing protection of statements made in judicial proceedings. *See McManaway*, 2010 WL 5420148, at *10 (citation omitted) (North Carolina Court of Appeals recognizing that it "has previously applied absolute immunity for statements in judicial proceedings to claims for negligence or intentional

---

[3] *See http://www.ncdoj.gov/Consumer.aspx* (last visited September 14, 2017).

11

infliction of emotional distress, where those claims arise out of statements made in the course of judicial proceedings and those statements were also the basis of a defamation claim"); *Jones*, 193 N.C. App. at 235, 666 S.E.2d at 880 ("Were plaintiff allowed to pursue the additional claims . . ., the privilege we have held protects defendant from an action for defamation would be eviscerated, and the public policy providing advocates the security to zealously pursue cases on behalf of their clients would be completely undermined."). Furthermore, these claims allege merely conclusory statements of law and are devoid of any specific facts pertaining to the nature of Plaintiff's severe mental and emotional anguish. (*See* Am. Compl. ¶¶ 96-108.) Therefore, the Amended Complaint fails to assert any facts that would make these claims for relief plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Plaintiff's final claim for relief stems from the allegation that Defendant Nauseef influenced the Durham County Sheriff to avoid effectuating service of process upon him. (Am. Compl. ¶¶ 113-122.) To state a claim for common law obstruction of justice, Plaintiff must allege that an action was "intentionally undertaken by the defendant for the purpose of obstructing, impeding, or hindering the plaintiff's ability to seek and obtain a legal remedy. . . ." *Blackburn v. Carbone*, 208 N.C. App. 519, 527, 703 S.E.2d 788, 795 (2010). The Amended Compliant merely alleges that the Durham County Sheriff did not serve Defendant Nauseef based on his connections to the organization. (Am. Compl. ¶ 120.) It does not expand upon Defendant Nauseef's alleged connections nor does it claim any affirmative action to obstruct or impede justice on the part of Defendant Nauseef, which is a bedrock element of the common law tort of obstruction of justice. *Blackburn*, 208 N.C. App. at 527, 703 S.E.2d at 795; *see also Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 33, 588 S.E.2d 20, 30

(2003) ("[P]laintiff presented no evidence that her case . . . was in some way judicially prevented, obstructed, impeded or hindered by the acts of defendants. There is no evidence as to the disposition of that action or any showing that [defendant's conduct] adversely impacted that case."). As such, this claim against Defendant Nauseef should also be dismissed.

## IV.   CONCLUSION

Based upon the evidence presented in this case, Plaintiff failed to properly effectuate service of process on Defendant Nauseef, therefore depriving the Court of personal jurisdiction over him. Alternatively, Plaintiff has failed to plausibly state a claim upon which relief may be granted. For such reasons, **IT IS HEREBY RECOMMENDED** that Defendant Nauseef's Motion to Dismiss (Docket Entry 19) be **GRANTED** and Plaintiff's Motions for Entry of Default and for Default Judgment (Docket Entries 31, 34) be **DENIED**.

*[signature]*
Joe L. Webster
United States Magistrate Judge

September 15, 2017
Durham, North Carolina