IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PAUL LEWIS, )
)
        Plaintiff, )
)
v. ) 1:17-CV-217
)
DURHAM WELLNESS AND )
FITNESS, d/b/a MILLENIUM )
SPORTS CLUB, et al., )
)
        Defendants. )

# ORDER

The defendants filed a motion for summary judgment, Doc. 61, and the Magistrate Judge recommended that the motion be granted. Doc. 68. Plaintiff Paul Lewis objects. Doc. 70. On de novo review, the Court will overrule the objections and adopt the Recommendation of the Magistrate Judge in its entirety.

Mr. Lewis did not specifically object to the Magistrate Judge's recommendation that his state law claims be dismissed. As the Magistrate Judge noted, the brief filed by Mr. Lewis to oppose summary judgment did not address the elements of the state law claims, *see* Doc. 68 at 6, and the Court has satisfied itself that there was no error in the Magistrate Judge's conclusion that these claims should be dismissed. Moreover, the Magistrate Judge specifically pointed out Local Rule 7.3(k), which addresses waiver when a party fails to respond to a motion, yet Mr. Lewis again did not address his state law claims in his objections despite the opportunity to do so. It is fair to conclude that he has abandoned these claims. *See Chamberlain v. Securian Fin. Grp., Inc.*, 180 F. Supp.

3d 381, 405 (W.D.N.C. 2016) (finding plaintiff's breach of contract claim would "be dismissed because Plaintiff abandoned it" after he "failed to respond to Defendants' arguments regarding this claim in its Motion for Summary Judgment" and collecting cases). Either way, dismissal is appropriate.

As to his ADA claim, Mr. Lewis did not object to any of the Magistrate Judge's statements about the applicable law, and he does not disagree that it is an element of an ADA claim that a plaintiff must have a physical or mental impairment that substantially limits one or more major life activities, or at least a record of or history of being regarded as having such an impairment. Doc. 68 at 7. Rather, his objections focus on the Magistrate Judge's conclusion that there was no evidence Mr. Lewis was disabled. *See* Doc. 70.

Mr. Lewis has not shown a disputed question of material fact. It is not enough to survive a summary judgment motion to identify potential witnesses, as plaintiff has done. *See* Doc. 70 at 4–5. A non-movant must point to actual evidence, and conclusory assertions in a brief or lists of potential witnesses do not suffice. *See* Fed. R. Civ. P. 56(c)(1); *Humphreys & Partners Architects, LP v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015) (noting the court may consider "materials that would themselves be admissible at trial, and the *content or substance* of otherwise inadmissible materials" if the party shows it will be possible to put that information into an admissible form (emphasis added)); *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) ("Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the

2

building of one inference upon another, or the mere existence of a scintilla of evidence." (internal citations omitted)).

As the Magistrate Judge accurately identified, the defendants presented compelling evidence that Mr. Lewis is not disabled as that term is used in the ADA, and as further explained by the Magistrate Judge, Mr. Lewis did not produce evidence to the contrary. Doc. 68 at 7–9. His assertion that his medication briefly limits his morning activities does not rise to this level, and he has not provided any evidence to support his claim of a hearing loss. Mr. Lewis claims he has medical evidence that he is disabled, but the letter provided as proof on this point merely states that another doctor "judged him to be disabled;" it said nothing as to how this disability might substantially limit major life activities. Doc. 66-5.[1] Counsel's factual assertions in a brief, *see, e.g.,* Doc. 70 at 2, are not evidence, and a nonmovant must produce more than a mere allegation of the existence of a material fact to survive summary judgment. *See Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015); *Dash*, 731 F.3d at 311.

Mr. Lewis complains that the Magistrate Judge ignored "numerous hand-written statements made by multiple individuals from the gym." Doc. 70 at 3–4. Even assuming those statements are relevant to the reason the defendants terminated his gym membership, they are silent as to whether Mr. Lewis was disabled as defined by the ADA. *See* Doc. 66-1.

---

[1] In his objections, Mr. Lewis refers to another letter from a doctor and purports to quote it and attach it, Doc. 70 at 2, but the Court has not located the letter in the record.

Finally, Mr. Lewis claims that the Magistrate Judge "has absolutely no authority" to decide whether Mr. Lewis is disabled because that issue will be resolved in "a final decision." Doc. 70 at 3. This objection is befuddling. Mr. Lewis must prove he is disabled as defined by the statute as an element of his case, and courts deal with such questions every day on summary judgment. The summary judgment motion was appropriately before the Magistrate Judge for a recommended ruling pursuant to 28 U.S.C. § 636. At summary judgment, the judge's inquiry unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). Whether Mr. Lewis had presented evidence sufficient to prove he was disabled as defined by the ADA—an element of his cause of action—was plainly a question the Magistrate Judge had authority to answer in the form of a recommendation.

Mr. Lewis is not entitled to a trial merely because he wants one. He must present evidence from which the jury could reasonably rule in his favor. Here, Mr. Lewis has not directed the Court's attention to evidence establishing the elements of his ADA discrimination claim, for the reasons fully and correctly explained by the Magistrate Judge.[2] Summary judgment for the defendants is appropriate.

---

[2] Neither in his summary judgment materials or in his objections did Mr. Lewis provide citations to the location in the record of the evidence he contends raise genuine issues of material fact. *See* Doc. 39 at ¶ 1 (court order advising parties that "factual assertions unsupported by citation to specific evidence in the record will be disregarded" and that "a citation to a multi-page exhibit must contain a pin cite directing the Court's attention to the specific page"); Fed. R. Civ. P. 56(c)(1) (providing that a party must support assertions by "citing to particular parts of materials in the record"). While the Court has not scoured the record to identify evidence supporting Mr. Lewis, the Court has reviewed the materials submitted on his behalf in light of his arguments.

The Court has reviewed the portions of the Magistrate Judge's Opinion to which objection was made and has made a de novo determination which is in accord with the Opinion. The Court adopts the Recommendation in full.

For the reasons stated by the Magistrate Judge as supplemented by this Order, it is **ORDERED** that the defendant's motion for summary judgment, Doc. 61, is **GRANTED**.

This the 11th day of April, 2019.

_____
UNITED STATES DISTRICT JUDGE